**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50040 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00957-ODW-2 |
| v. | |
| EDGAR SRAPYAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted April 13, 2012[**]
Pasadena, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and SAMMARTINO,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Janis L. Sammartino, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Edgar Srapyan appeals his jury conviction of four counts of health care fraud in violation of 18 U.S.C. § 1347, for submitting Medicare claims for numerous wheelchairs that were never delivered, were unnecessary, or were not properly prescribed. Srapyan argues the district court erred in rejecting his for-cause challenge to two putatively biased jurors, J.S.S. and M.L., violating his Sixth Amendment right to a fair trial and his Fifth Amendment due process rights. Srapyan used two of his peremptory strikes to exclude J.S.S. and M.L., strikes he argues he would have used to exclude other jurors. We have jurisdiction under 28 U.S.C. § 1291.

"Actual bias is typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view. The determination of whether a juror is actually biased is a question of fact, that we review for manifest error or abuse of discretion." Fields v. Brown, 503 F.3d 755, 767 (9th Cir. 2007) (en banc) (internal citations and quotations omitted). Here, there was no abuse of discretion in the district court's finding that prospective jurors M.L. and J.S.S. were not actually biased.

Juror M.L. came to Srapyan's attention because when he asked the general question whether anyone had feelings they would like to express about the government's burden of proof and their ability to follow the law, she said:

> I think that personally we all report to God, and we are looking for truth. And the government is not my God. So I understand we have to follow the laws, but I think everyone should search their hearts, and I don't want to say pray in Court, but I mean, I just did.

Unsure of what she meant, counsel inquired further. M.L. explained that she personally believed

> that there are people that are accused of crimes that many times are innocent, and sometimes – well, I am married to an attorney . . . . Sometimes people find themselves in situations where, you know, they may be accused of something that they are set up for, you know, such things. You just have to, each individual situation, no one should generalize, and I think that if you are defending this man that there is a reason you are defending him. That is just my personal opinion.

There is nothing to show a lack of impartiality in M.L.'s remarks. If anything, the remarks display a considerable willingness to be skeptical of the government's case and to hold the government to its burden of proof.

As for juror J.S.S., in response to a question asking whether any juror had experiences with a government-run healthcare system, she described a time when her "aunt's husband" got a wheelchair because a clinic "told him that he qualified

-3-

for it" even though he did not need it, and that she thought that was "not right." She stated she "wished the medical system could do a little bit more research like going back and double check that people really need stuff," and that "it will be very nice if based on cases like this in the future, [more is done] to fix these problems." When asked about Srapyan's case, she stated she "absolutely" would "be able to set aside the circumstance of her aunt's husband in analyzing the facts of this case" and that she would "take those kind of questions off the table" and "be able to focus on whether or not the government has proven its case with respect to defendant." She stated "we have to give the benefit of the doubt to anyone until all the proof or, you know, what everyone says is being heard in order to really come up with a verdict" and "maybe this person is guilty, maybe he is not." She further stated she would make a determination based on the evidence whether the government met its burden of proving the defendant guilty. The judge did not abuse his discretion in denying a challenge for cause.

Nor were M.L.'s or J.S.S.'s remarks sufficient to presume implied bias as a matter of law. Implied bias "should be presumed only in extreme or extraordinary cases," such as when "the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could

remain impartial in his deliberations under the circumstances." United States v. Mitchell, 568 F.3d 1147, 1152 (9th Cir. 2009). There is no indication that an average person in either juror's situation would be unable to remain impartial.

Lastly, Srapyan argues the jury "was not unbiased" because he was forced to waste two peremptory challenges on M.L. and J.S.S., the jurors he says should have been excused for cause, challenges he would have used on juror P.C., because her father is a retired police officer, and juror M.B., because her brother-in-law is a sheriff. Srapyan did not assert for-cause challenges against jurors P.C. and M.B. before the district court. "[W]here as here, no motion was made during jury selection to dismiss the juror[s] in question for cause, [Srapyan] assumes a greater burden: he must show that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [P.C. and M.B.] from the jury, even though neither counsel made the request." Mitchell, 568 F.3d at 1151. Srapyan has not stated on appeal any grounds for bias other than the relatives' employment in law enforcement. Having relatives employed in law enforcement, without more, is insufficient to demonstrate bias. Cf. Tinsley v. Borg, 895 F.2d 520, 529 (9th Cir. 1990) ("We will not presume bias merely because a juror works in law enforcement[.]" ). Thus, the evidence was

-5-

insufficient to require the district court to strike jurors P.C. and M.B. from the jury sua sponte.

AFFIRMED.